[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is on appeal from a decision of the Employment Security Board of Review which reversed the decision of the Unemployment Security Division Appeals Referee (Referee).
Procedurally, the claimant, Joann Harley, made a claim for unemployment benefits for the week ending July 1, 1989. The administrator of the Unemployment Compensation Act, awarded the unemployment benefits to the claimant. The plaintiff employer appealed the administrator's decision to the Unemployment Security Appeals Referee. The Referee heard testimony and based upon the facts found, concluded that the claimant was disqualified from receiving benefits. The Referee reversed the administrator's decision. The administrator had ruled that the claimant was not subject to Section 31-227 (d)(2) of the Connecticut General Statutes as amended. However, the Referee, in reversing the decision of the administrator, determined from the facts found, that the claimant was subject to Section31-227 (d)(2).
The claimant appealed the Referee's decision to the Employment Security Board of Review (Board). The Board reversed the decision of the Referee and sustained the administrator's appeal. The decision of the Board recited that, in sustaining the administrator's appeal, it modified the Referee's findings of fact.
The Referee's findings of fact recited that: CT Page 1606
1. The claimant was employed as an Instructional Aide during the school at Cooperative Education Services for one and one-half years to June 23, 1989. She worked part time from 8:30 a.m. to 12:30 p.m. and was paid $8.30 per hour.
2. The claimant signed a contract on June 28, 1989, which states that she will return to her position as an Instructional Aide at $9.19 per hour on August 30, 1989.
3. Cooperative Education Services was a part of Eastconn and was a regional educational service center organized pursuant to Connecticut General Statutes Section 10-66a.
The Referee identified the issue in her decision to be "whether the claimant was employed by an educational institution and whether she has reasonable assurance of returning to work in the same capacity in the ensuing academic year." The Referee concluded that Cooperative Educational Services, being a part of Eastconn, was not an educational service agency, but rather it was an educational institution citing the decision of the Board in Dominique v. Eastconn, Board Case No. 1797-85-BR (3/18/86).
The decision of the Board focused on the issue raised by the Referee and concluded that Cooperative Educational Services was not an educational institution. The Board, in its decision, misstated the conclusion of the Referee finding that the employer, Cooperative Educational Services, was an educational institution. The Board in its decision, stated that, "[t]he Referee's decision was based on her conclusion that the subject employer was a regional education service agency and thus satisfied the definition of education institution. . . ." (emphasis supplied).
The Referee's decision was actually based upon the Board's holding in Dominique v. Eastconn, supra, that although Eastconn was not an educational service agency, it was an educational institution.
The Board's decision purported to modify the facts found by the Referee without itself hearing testimony. An appellate body that does not conduct a de novo hearing cannot modify the factual findings of the fact finding tribunal. See Scott v. State Bar Examining Committee, 220 Conn. 812, 822 (1992).
We recognize that the Board is not bound by the common law or statutory rules of evidence or procedure but the Board is required to make inquiry "in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties. . . ." CT Page 1607 Connecticut General Statutes 31-244a.
We also note that final decisions of the Board, such as the case of Dominique v. Eastconn, supra, are "binding in all subsequent proceedings involving similar questions." Connecticut General Statutes 31-249f.
The Board, in this case, did not reverse its decision in the Dominque v. Eastconn case, but rather, determined factually, that the specific job of the claimant was not performed within the context of an educational institution. Thus the decision of the Board does not rest upon its interpretation of whether or not the employer was an educational institution, but rather, on the claimant's job performance.
For the Board to make such a factual determination, a de novo hearing before the Board would have been required. Scott v. State Bar Examining Committee, supra, 821-22.
Accordingly, the appeal is sustained.
ARONSON, J